# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:07CR8

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| KELLY MAURICE LOGAN ) | |

**THIS MATTER** is before the Court on the Defendant's appeal from the denial by the Magistrate Judge of his motion for reconsideration of release pending sentencing.

## I. PROCEDURAL HISTORY

The Defendant was indicted on February 6, 2007, with two counts of possession of cocaine base. **Bill of Indictment, filed February 6, 2007.** Count One alleges the possession of at least 5 grams of cocaine base and Count Two alleges the possession of at least 50 grams of cocaine base. *Id.* The Defendant faces a mandatory minimum sentence of 10 years and not more than life imprisonment. **21 U.S.C. § 841(b)(1)(A)(iii).**

Citing the Defendant's potential maximum sentence in connection with a drug crime and his past criminal history, including his convictions for crimes of violence, the Magistrate Judge ordered him detained pending trial.  **Order of Detention, filed March 13, 2007.**  However, he did make provision to allow the Defendant to participate in the Jail Based Inpatient Treatment Program.  *Id.*

Following the completion of that program, the Defendant moved the Magistrate Judge to reconsider release pending sentencing.  He also entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to Count Two of the indictment, the more serious charge involving at least 50 grams of cocaine base.  **Amended Plea Agreement, filed June 6, 2007.**  On that same day, the Defendant entered his guilty plea.  By written order, the Magistrate Judge declined to order conditions of release.  **Order, filed June 5, 2007.**

## II.  STANDARD OF REVIEW

> The judicial officer *shall order* that a person who has been found guilty of an offense [for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act] and is awaiting imposition or execution of sentence be detained unless-

      (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

      (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

**18 U.S.C. § 3143(a)(2).**

## III.  DISCUSSION

The Defendant cannot meet the requirements of this statute.  While he argues that he has now completed the Jail Based Intensive Treatment program for drug abuse, the fact remains that under the statutory language, the Defendant cannot show that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that the Government has recommended that no sentence of imprisonment be imposed.  This Court is, therefore, required to order detention pending sentence, as the language of the statute is mandatory.

4

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's appeal is hereby **DENIED**, and the Magistrate Judge's Order of detention is **AFFIRMED**.

Signed: June 11, 2007

Lacy H. Thornburg
United States District Judge